**Robert LEACH, Plaintiff,**

v.

**HILTI, INC., Defendant.**

No: 74-640 C (1).

United States District Court,
E. D. Missouri, E. D.

Sept. 18, 1975.

Francis L. Ruppert, Clayton, Mo., for plaintiff.

Frank Hamsher, St. Louis, Mo., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, Chief Judge.

This cause was tried to the court and briefed by both parties. The court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. This is an action in two counts: Count 1 for age discrimination under the provisions of 29 U.S.C. §§ 621–634; and Count 2 under the Missouri Service Letter statute, 290.140 R.S.Mo. 1959.

2. Defendant Hilti, Inc., is in the business of manufacturing and selling tools designed to fasten materials into steel and concrete, largely in the construction industry. The company has seven regions in the United States, each region is divided into areas, and each area has a manager and from six to nine salesmen. St. Louis is in Region VI.

3. Plaintiff was employed by defendant in St. Louis in February of 1969 as a salesman, and his employment was terminated on March 22, 1974, at the age of fifty years.

4. Roscoe M. Priebe, Jr., became the St. Louis area manager for Hilti, Inc., in January of 1970. He had the responsibility of increasing sales and his compensation depended upon sales results.

5. The St. Louis area was historically one of the two low areas in sales in Region VI. For the first quarter of 1975, one year after plaintiff's termination, the St. Louis area had moved from the bottom in sales to the top in sales in Region VI.

6. In 1971, after working with the plaintiff, Mr. Priebe, the manager, concluded that plaintiff's general sales ability, his techniques, were not conducive to sales, that the plaintiff concentrated on small orders and old customers and did not seek out new business. Plaintiff was advised of this situation by letter on March 22, 1971.

7. In the latter part of October 1971, Mr. Priebe filled out termination papers for the plaintiff, sent them to his regional supervisor, but the regional supervisor did not permit the termination of plaintiff for reasons personal to the regional supervisor.

8. Mr. Priebe worked personally with the plaintiff in an effort to improve his performance. In May 1973, John Scappatura, assistant regional manager, worked with the plaintiff and concluded that he was a nice fellow, but was not aggressive enough for a salesman. On August 31, 1973, Scappatura advised Mr. Priebe by letter that Scappatura's evaluation of the plaintiff was less than satisfactory.

9. William P. Snyder was the Region VI sales manager for Hilti, Inc. He worked with the plaintiff in October of 1972 and based on the manner in which Leach conducted his calls, concluded that Leach was unsatisfactory as a salesman. In the fall of 1973 Priebe decided to replace the plaintiff, and this was done in March of 1974. The reason the plaintiff was fired was because he consistently fell below the performance of other salesmen in the area and because his sales techniques were not producing results.

10. During the last fourteen months plaintiff was employed, plaintiff ranked second to last in actual total sales and actual sales as a percentage of forecast sales of all Region VI salesmen. He was twenty-third out of twenty-four salesmen, excluding salesmen who were trainees. From January 1970 to February 1974, comparing plaintiff's sales with Region VI sales per man per month, plaintiff was below the regional average thirty times in thirty-eight months.

11. The President's Sales Club is a select group of salesmen chosen each year based on excellent sales performance. Eleven of the twenty-four Region VI salesmen selected for the President's Sales Club in 1973 were over forty years of age, twelve of the twenty-seven Region VI salesmen selected in 1974 were over forty years of age. Of all the St. Louis area salesmen, whose sales were on a par with the plaintiff, none remain employed with the defendant as a result of termination or resignation. These include: Mr. Wooters, who was twenty-six years old when terminated; and Mr. Clifton, who was twenty-nine years old, and resigned prior to termination. Others terminated were Messrs. Sczepanski, Vancil, Doyen and Martin.

12. Plaintiff received a number of form letters of congratulations about sales which came from the home office, but these did not reflect plaintiff's actual performance. Plaintiff was terminated on March 22, 1974. He took a job as a purchasing agent on April 1, 1974, where he is still employed. He requested a service letter in June of 1974 from defendant, which was answered on July 23, 1974, advising the plaintiff that he had been terminated because of his sales performance, which letter was true and accurate.

## Conclusions of Law

1. This court has jurisdiction of the parties and the subject matter of this action.

2. The plaintiff has failed to meet his burden of proof under the Age Discrimination in Employment Act and under the Missouri Service Letter statute.

3. Defendant's reasons for terminating the plaintiff's employment were because of his poor sales performance and not because of plaintiff's age.

4. Judgment will be entered for the defendant and against the plaintiff on both counts and costs will be assessed against the plaintiff.